UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN R. BOTTI III,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC,<br><br>    Defendant. | Case No: C 11-04519 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Docket 20. |

On September 12, 2011, Plaintiff John Botti, III ("Plaintiff"), proceeding pro se, brought the instant action against Defendant Trans Union LLC ("Defendant"), alleging a federal cause of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and a state law cause of action under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq. Dkt. 1. The parties are presently before the Court on Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 20. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART the motion, for the reasons stated below. The Court, in its discretion, finds the matter before the Court suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

This action arises from Defendant's refusal to release Plaintiff's credit report to third parties. Plaintiff alleges that he was a victim of identity theft and that after a lawsuit relating to that fraud, Defendant placed Plaintiff's credit file in "permanent suppression

status." Compl. ¶ 3. As a consequence, Plaintiff alleges that he is unable to obtain credit from any creditor who uses Defendant's credit reporting services to evaluate credit. Id. ¶ 4. Specifically, Plaintiff alleges that he "is unable to . . . obtain real estate financing or refinancing, because creditors in that industry require evaluation of all three credit scores." Id. Plaintiff further alleges that he has "requested amelioration in writing on several occasions" from Defendant, but each request has been denied. Id. ¶ 5. According to Plaintiff, Defendant "has no intention of ever lifting the suppression of his credit file, resulting in lifetime prejudice and inability to obtain credit, particularly real estate financing of any kind." Id. ¶ 6.

Plaintiff claims that due to the "unavailability" of his credit file and score, he is unable to "refinance at attractive mortgage rates" and "has been denied mortgages with every major finance company." Compl. ¶ 9. Plaintiff also claims that his ability to seek employment has been "hindered by any employer seeking to review [Defendant's] credit report in order to ascertain [his] fitness for employment." Id. ¶¶ 8-10.

On September 12, 2011, Plaintiff commenced the instant action, alleging two causes of action against Defendant: (1) violation of the FCRA; and (2) violation of the CCRAA. Compl. On November 3, 2011, Defendant filed a motion to dismiss. Dkt. 20. Plaintiff filed an opposition on November 30, 2011. Dkt. 26. A reply was filed on December 15, 2011. Dkt. 30.

## II. DISCUSSION

### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). The complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content'' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

### B. Federal Claim

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The FCRA requires consumer reporting agencies[1] to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b).

---

[1] The parties do not dispute that Defendant is a consumer reporting agency within the meaning of the FCRA. See Acosta v. Trans Union, LLC, 243 F.R.D. 377, 379 (C.D. Cal. 2007) (noting that Trans Union, LLC is a consumer reporting agency under the FCRA).

A consumer reporting agency is one that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . . "  15 U.S.C. § 1681a(f).  A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under § 1681b of this title."  15 U.S.C. § 1681a(d)(1).

Here, Plaintiff alleges that Defendant's refusal to release his credit report to third parties violates the FCRA.  Specifically, Plaintiff alleges as follows:

> The [FCRA] provides that consumer reporting agencies have a grave responsibility regarding fairness, impartiality, and respect for fair and accurate credit reporting. Simply eliminating a consumer's ability to have her credit available for review by a creditor is inherently unfair.  Real estate transactions modernly require without exception the ability for a lender to evaluate all three credit scores, and use the middle one for determination of loan creditworthiness.  Without all three scores, no loan offer is extended thereby completely eliminating the ability of a consumer to obtain financing of any kind.

Compl. ¶ 13.  According to Plaintiff, he has suffered damages as a result of Defendant "completely shut[ting] off" his "credit report and scores."  Id. ¶¶ 14-15.

Defendant argues that dismissal of this claim is appropriate because the FCRA does not impose a duty upon Defendant to provide credit reports or scores to third parties.  In support of its position, Defendant cites to a provision of the FCRA entitled, "Permissible purposes of consumer reports," which states, in relevant part, that "Subject to subsection (c) of this section, any consumer reporting agency *may* furnish a consumer report under the following circumstances and no other. . . ." 15 U.S.C. § 1681b(a) (emphasis added).  Subsection (c) of the statute states that a credit reporting agency "may" furnish a consumer

- 4 -

report "in connection with credit or insurance transactions that are not initiated by the consumer" when certain specified conditions are met. See 15 U.S.C. § 1681b(c). Defendant contends that Plaintiff's FCRA claim fails as a matter of law because the complaint does not identify a provision of the FCRA that Defendant violated. The Court agrees.

Because the complaint does not identify a specific provision of the FCRA that Defendant violated by refusing to provide credit reports and scores to third parties, Plaintiff has failed to state a cognizable claim under the FCRA. See Kelley v. Mortgage Electronic Registration Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009) (dismissing claim because plaintiff failed to identify provision of statute that defendant violated). Accordingly, Defendants' motion to dismiss Plaintiff's FCRA claim is GRANTED. The Court, however, will afford Plaintiff the opportunity to amend his complaint. Plaintiff may amend his complaint if, in compliance with Rule 11 of the Federal Rules of Civil Procedure, he can truthfully allege facts that would support a claim against Defendant under the FCRA.

### C. Remaining State Law Claim

Federal courts are courts of limited jurisdiction. They only have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Here, the instant action was filed in this Court based on federal question jurisdiction. See Compl. ¶ 1. In addition to the FCRA claim, Plaintiff has alleged a state law claim under the CCRAA . Unlike Plaintiff's FCRA claim, the Court does not have original jurisdiction over the CCRAA claim, but rather has supplemental jurisdiction over this claim. Because it is unclear at this time whether Plaintiff can state a cognizable federal claim, the Court will not engage in an analysis of whether Plaintiff has pled a cognizable state law claim.

The Court advises Plaintiff that if he does not amend his complaint within the time period specified below or is unable to amend his complaint to state a cognizable claim under the FCRA, the Court will dismiss his FCRA claim with prejudice and decline to

1 exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(c)(3); see
2 Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise
3 supplemental jurisdiction over related state-law claims once it has dismissed all claims over
4 which it has original jurisdiction."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th
5 Cir. 1997) (a court may sua sponte exercise its discretion and dismiss state law claims
6 under 28 U.S.C. § 1367(c)); see also Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 351
7 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of
8 the litigation, the District Court had a powerful reason to choose not to continue to exercise
9 jurisdiction.").

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Defendant's motion to dismiss is GRANTED as to Plaintiff's FCRA claim, which is DISMISSED with leave to amend. Defendant's motion to dismiss as to Plaintiff's CCRAA claim is DENIED without prejudice.

2. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a first amended complaint consistent with this Order. Plaintiff shall not amend his complaint to add additional claims without prior Court approval. Plaintiff is advised that any additional factual allegations set forth in his first amended complaint must be made in good faith and consistent with Rule 11. Plaintiff is further advised that a first amended complaint will supersede or replace the complaint and the complaint will thereafter be treated as nonexistent. Armstrong v. Davis, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by Johnson v. Cal., 543 U.S. 499 (2005). The first amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted). Plaintiff is warned that the failure to file a first amended complaint by the deadline will result in the dismissal of his FCRA claim with prejudice and the

1 | DISMISSAL of his state law claim without prejudice to the filing of this claim in a state
2 | court action.
3 |     3.    This Order terminates Docket 20.
4 | IT IS SO ORDERED.
5 | Dated: 5/2/12

*[Signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BOTTI et al,

       Plaintiff,

 v.

TRANS UNION LLC et al,

       Defendant.
                                          /

Case Number: CV11-04519 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John R Botti
1163 Capri Drive
Campbell, CA 95008-6003

Dated: May 4, 2012
                                Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk